# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **CECILIA GONZALEZ AND FRANCISCO GONZALEZ** | § § § | |
| **Plaintiffs,** | § § | No. _____ |
| **V.** | § § | |
| **STATE FARM LLOYDS AND DAVID RODRIGUEZ** | § § § | **JURY DEMAND** |
| **Defendants.** | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants State Farm Lloyds ("State Farm") and David Rodriguez ("Rodriguez") (collectively "Defendants") file this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1. On March 19, 2015, Plaintiffs Cecilia Gonzalez and Francisco Gonzalez filed their Original Petition in the matter styled *Cecilia Gonzalez and Francisco Gonzalez v. State Farm Lloyds and David Rodriguez*, Cause No. 096-277451-15, in the 96th Judicial District Court of Tarrant County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their home under a homeowner's insurance policy with State Farm.

2. Plaintiffs served State Farm with a copy of the Original Petition on or about March 23, 2015.

3.      Upon information and belief, if Plaintiffs have served Rodriguez with a copy of the Original Petition, he was served no earlier than on or about March 23, 2015.

4.      Defendants State Farm and Rodriguez file this Notice of Removal within 30 days of receiving Plaintiffs' pleading.  *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

5.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

6.      As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Northern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A."  A copy of the District Clerk's Transactions sheet is attached hereto as Exhibit "B."  A copy of the Civil Docket sheet is attached hereto as Exhibit "C."  A copy of the Plaintiffs' Original Petition is attached hereto as Exhibit "D."  A copy of the Return of Service as to Defendant State Farm Lloyds is attached hereto as Exhibit "E."  A copy of the Service Report as to Defendant David Rodriguez is attached hereto as Exhibit "F."  A copy of Defendants' Original Answer to Plaintiffs' Original Petition is attached as Exhibit "G."  Also included with this filing are Defendants' Certificate of Interested Persons, which is attached hereto as Exhibit "H," and a Supplemental Civil Cover Sheet.

7.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Tarrant County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A. The Proper Parties Are Of Diverse Citizenship

9. Upon information and belief, Plaintiffs are, and were at the time the lawsuit was filed, residents of Tarrant County, Texas, and citizens of the State of Texas. *See* Pls' Original Pet. § II, attached hereto as Exhibit "D."

10. Defendant State Farm Lloyds, is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania. State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania. Therefore, State Farm Lloyds is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

11. Defendant Rodriguez is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.


12. With respect to the claims against Rodriguez, it is Defendants' position that Rodriguez has been fraudulently joined in this action. Therefore, the Texas citizenship of Rodriguez should be disregarded for the purposes of evaluating diversity in this matter.

13. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

14. Here, Plaintiffs assert generic claims against Rodriguez for violations of the Texas Insurance Code, as well as breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, fraud, conspiracy, aiding and abetting, negligence and gross negligence, and negligent misrepresentation. *See* Pls' Original Pet. § VI, attached hereto as Exhibit "D." Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Rodriguez because no real facts relating to him have been set forth. Plaintiffs' claims against Rodriguez consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007). *See also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiffs cannot "establish a cause of action against [Rodriguez] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to

predict that the Plaintiffs might be able to recover against Rodriguez, his presence should be disregarded in determining diversity jurisdiction.

15.   Because Plaintiffs are citizens of Texas and Defendant State Farm is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists among the proper parties.

**B.   The Amount in Controversy Exceeds $75,000.00**

16.   This is a civil action in which the amount in controversy exceeds $75,000.00. In their complaint, Plaintiffs alleges a variety of claims arising from "a claim to State Farm against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm." *See* Pls' Original Pet. § V, attached hereto as Exhibit "D." Specifically, but without limitation, Plaintiffs allege that Defendant State Farm breached the insurance policy number 58-BJ-F401-0, with a Dwelling Limit of $174,452.00, a Dwelling Extension Limit of $17,445.00, a Contents Limit of $130,839.00, and an Additional Living Expense Limit of the Actual Loss Sustained, for the property located at 609 Blue Sky Drive, Arlington, Texas 76002-4513 (the property giving rise to the present dispute). *See* Exhibit "I," Declaration of Scott L. Rogers, attached hereto and fully incorporated herein as if set out in full. In determining the amount in controversy, the Court may consider "policy limits … penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

17.   Plaintiffs' Original Petition expressly alleges that "Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00." *See* Pls' Original Pet. § VIII, attached hereto as Exhibit "D." Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00. Based on the limits of the underlying insurance policy and the

allegations set forth in Plaintiffs' Original Petition, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement.

## Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendants State Farm Lloyds and Francisco Gonzalez hereby remove this case to this Court for trial and determination.

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Scott L. Rogers
State Bar No.: 24064369

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: slrogers@thompsoncoe.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of April, 2015, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Jacey Hornecker
SPEIGHTS & WORRICH
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
    *Counsel for Plaintiffs*

/s/ Rhonda J. Thompson
Rhonda J. Thompson